■ MORROCOY MARINA, INC., Respondent, v ANN M. ALTENGARTEN, Appellant. (Action No. 1.) MORROCOY MARINA, INC., Respondent, v ANN M. ALTENGARTEN et al., Appellants. (Action No. 2.)—In actions, *inter alia,* for specific performance of a contract for the sale of real property, (1) the defendants separately appeal from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered March 11, 1985, as directed them to convey the property in question to the plaintiff; and (2) the defendant Granau appeals from an order of the same court, entered July 18, 1985, which denied his motion to vacate the judgment entered March 11, 1985.

Order affirmed and judgment affirmed insofar as appealed from, with one bill of costs.

We agree with the trial court that the defendants have failed to show any reason why the plaintiff should not be awarded specific performance. The plaintiff has shown a readiness and willingness to perform its obligations under the contract *(see, Stawski v Epstein,* 67 AD2d 681). The fact that the property has been conveyed to the defendant Granau, who was not a party to the original contract does not, under the circumstances of this case, render specific performance an impossible remedy. In order to have bona fide purchaser status so as to preclude an award of specific performance, the third party must not only purchase without notice of the plaintiff's claim against the seller, but must also record his deed before the plaintiff records his interest *(see, Goldstein v Gold,* 106 AD2d 100, *affd* 66 NY2d 624; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400). In this case, the third party, the defendant Granau, failed to satisfy either requirement.

The defendant Granau's claim that he did not know the plaintiff had a contract to purchase the property from the defendant Altengarten is irrelevant. It is not necessary to show that the third party knowingly interfered with a valid contract in order to grant specific performance against him *(see, Royce v Rymkevitch,* 29 AD2d 1029). "It would be sufficient if he had 'knowledge of facts that would lead a reasonably prudent purchaser to make inquiry' and he failed to do so (1 Warren's Weed, New York Real Property, Bona Fide Purchaser, § 1.05, at p. 357). He then could not claim the

status of a bona fide purchaser" *(Royce v Rymkevitch, supra,* p 1030). Here, before he purchased the property, the defendant Granau was advised that there was some other buyer that could tie the property up for two or three years by litigation. This was sufficient to require further inquiry by Granau.

In addition, the plaintiff recorded its lis pendens on March 16, 1982. The deed conveying the property from defendant Altengarten to defendant Granau was not recorded until March 17, 1982. A lis pendens affords "constructive notice from the time of the filing so that any person who records a conveyance or encumbrance after that time becomes bound by all of the proceedings taken in the action" *(Corporation of Presiding Bishop v Solow Bldg. Corp.,* 52 AD2d 533, 534; *see also,* CPLR 6501). Consequently, the defendant Granau had constructive notice of the plaintiff's interest.

The defendants' remaining arguments are without merit.

With respect to the defendant Granau's motion to set aside the judgment, we agree with the trial court that he failed to establish any of the grounds for vacatur set forth in CPLR 5015. His allegations of misconduct do not pertain to the plaintiff or the court. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.