■ HOWARD BERGER et al., Respondents, v ALFRED POLIZ-ZOTTO et al., Appellants, et al., Defendant.—In an action, *inter alia*, for specific performance of a contract for the sale of real property dated June 10, 1985, (1) the defendant Alfred Polizzotto appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Kuffner, J.), entered July 2, 1987, as, after a nonjury trial, *inter alia*, awarded the plaintiffs specific performance of the contract and directed that the deed dated August 7, 1986 from Lynette Homes, Ltd. to Polizzotto be canceled of record, and (2) the defendants Lynette Homes, Ltd. and D. John Andino appeal from each and every part of the same judgment.

Ordered that the appeals by the defendants Lynette Homes, Ltd. and D. John Andino are dismissed for failure to perfect same in accordance with the rules of this court (22 NYCRR 670.20 [f]); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendant Polizzotto, on the law and the facts, with costs, the County Clerk of the County of Richmond is directed to reinstate the deed, and the complaint is dismissed insofar as asserted against the defendant Polizzotto; and it is further,

Ordered that the matter is remitted to the Supreme Court, Richmond County, for a determination of the plaintiffs' damages on their cause of action sounding in breach of contract against Lynette Homes, Ltd.

The plaintiffs Jayne and Howard Berger sued the defendants Lynette Homes, Ltd. (hereinafter Lynette), Lynette's president Richard Lipari, Alfred Polizzotto, and D. John Andino for specific performance of a contract of sale of certain premises at 121 Dahlia Avenue, Staten Island. On June 10, 1985, Lipari on behalf of Lynette, the builder and seller of the property, entered into a contract of sale for that property with the plaintiffs. However, on August 7, 1986, Lynette deeded that same property to the defendant Polizzotto. Polizzotto subsequently leased the property to the defendant Andino. Following a nonjury trial, the court granted specific performance of the contract of sale to the plaintiffs and canceled the deed from Lynette to Polizzotto. We reverse.

To establish that he was a bona fide purchaser for value, Polizzotto had the burden of proving that he purchased the property for valuable consideration *(see,* 1 Warren's Weed,

New York Real Property, Bona Fide Purchaser, §§ 1.03, 1.07) and that he did not purchase with "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" *(Morrocoy Marina v Altengarten,* 120 AD2d 500; 1 Warren's Weed, New York Real Property, Bona Fide Purchaser, § 1.05). We find that Polizzotto satisfied this burden.

Compared to the price agreed to by the plaintiffs, the price paid by Polizzotto constituted valuable consideration. This conclusion is buttressed by the undisputed fact that at the time of the sale to Polizzotto, the property was in a state of disrepair which, as an appraiser testified, diminished its value. In addition, the evidence established that the price negotiated by Polizzotto was to be all cash, and the property was taken "as is". Under these circumstances, it is clear that Polizzotto paid valuable consideration for the premises.

In addition, no evidence was presented establishing that Polizzotto had notice of the plaintiffs' prior contract, or of their rights thereunder *(see, Northern Operating Corp. v Anopol,* 25 AD2d 551; *see also, Royce v Rymkevitch,* 29 AD2d 1029). The record reveals that the plaintiffs did not record their contract of sale or a memorandum thereof *(see,* Real Property Law § 294), nor did they timely file a lis pendens *(cf., Morrocoy Marina v Altengarten, supra).* Polizzotto's knowledge of a prior "deal that broke up" was insufficient to impose upon him a duty to make a further inquiry *(cf., Northern Operating Corp. v Anopol, supra).*

Since Polizzotto was a bona fide purchaser for value, entitling him to possession of the property, the plaintiffs' cause of action for specific performance of the contract of sale should have been dismissed. However, the plaintiffs have sustained damages by reason of Lynette's breach of contract and this matter should be remitted for a determination of the resultant damages.

The parties' remaining contentions are without merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.