■ EL BRUTO REALTY CORP., Appellant, v SALVATORE FEVOLA et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated December 12, 1989, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by adding thereto a provision that, upon searching the record, summary judgment is granted in favor of the defendants, and the complaint is dismissed; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff entered into a contract with Carmine and Anna Buono on May 12, 1986. Pursuant to this contract, the Buonos were to convey their title to certain real property in return for the plaintiff's payment of the sum of $160,000.

The plaintiff refused to close title pursuant to its contract with the Buonos, claiming, among other things, that they had made certain misrepresentations as to the structural safety of the property in question. According to the plaintiff's principal officer, the Buonos were incapable of tendering title to the property "as required by the contract, free of structural violations".

The plaintiff then brought an action against the Buonos, seeking a return of its downpayment, but did not seek specific performance. In October 1986 the plaintiff filed a lis pendens against the property based upon the action.

In December 1986 the Buonos contracted to sell their property to defendants Salvatore Fevola and Richard Fisher. In June 1987 the Supreme Court directed that the previously filed lis pendens be discharged, upon the filing of an appropriate bond, since the plaintiff's action against the Buonos was limited to a request for monetary relief, and did not affect either party's right to take title to the property. The plaintiff's request to amend its complaint to add a cause of action for specific performance was denied. On July 8, 1987, the defendants took title to the property pursuant to their contract with the Buonos.

About two years later, the plaintiff commenced the instant action against the defendants, seeking to have the subject property conveyed to it pursuant to its contract with the Buonos. In the order appealed from, the plaintiff's motion for

summary judgment was denied. On the plaintiff's appeal, we have searched the record and determined that summary judgment should be granted to the defendants (CPLR 3212 [b]).

In June 1987 the Supreme Court discharged the lis pendens filed in connection with the plaintiff's action to recover its downpayment, and also denied the plaintiff's request to amend its complaint so as to add a cause of action for specific performance. This order effectively extinguished any claim for specific performance which the plaintiff might have had against the Buonos, leaving the Buonos free to dispose of their property as they saw fit. Under these circumstances, it is clear that the plaintiff has no valid cause of action against the defendants, who took title from the Buonos, and who must be considered good faith purchasers for value (see generally, Da Silva v Musso, 76 NY2d 436; Berger v Polizzotto, 148 AD2d 651; Morrocoy Marina v Altengarten, 120 AD2d 500). Mangano, P. J., Bracken, Lawrence and Miller, JJ., concur.