■ PEARL KLEINMAN et al., Plaintiffs, v POINT SEAL RESTORATION CORP. et al., Defendants. (And a Third-Party Action.) (Action No. 1.) DIANE MORROW, Respondent, v POINT SEAL RESTORATION CORP. et al., Defendants, and HIGH POINT OF HARTSDALE I CONDOMINIUM et al., Appellants. (And a Third-Party Action.) (Action No. 2.) [701 NYS2d 909] —In two related actions, *inter alia*, to recover damages for injury to property, High Point of Hartsdale I Condominium, Arnold Feidelman, Andrew Schwartz, and Bernard Slotnick, defendants in Action No. 2, appeal from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered November 5, 1998, as denied their motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint in Action No. 2 is dismissed insofar as asserted against the appellants, and that action is severed against the remaining defendants.

The board of directors of the appellant High Point of Hartsdale I Condominium (hereinafter the Condominium) hired the defendant Point Seal Restoration Corp. to replace the roof of one of its buildings. The hiring is governed by the business judgment rule, which bars judicial review of the actions of a board of directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538; *W.O.R.C. Realty Corp. v Carr*, 262 AD2d 310; *Cooper v 6 W. 20th St. Tenants Corp.*, 258 AD2d 362; *Konrad v 136 E. 64th St. Corp.*, 254 AD2d 110). After the board of directors made a prima facie showing that it acted within the scope of its authority under the bylaws of the Condominium and in good faith in deciding which contractor would perform the job, the plaintiff failed to submit evidence demonstrating the existence of an issue of fact regarding the alleged bad faith, willful misconduct, and self-dealing of the board of directors (*see, Cooper v 6 W. 20th St. Tenants Corp.*, *supra*). Accordingly, the appellants' motion is granted. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.