■ PIOTR BACHURSKI et al., Appellants, v POLISH AND SLAVIC FEDERAL CREDIT UNION et al., Respondents. [826 NYS2d 281]—

In an action, inter alia, to recover damages for failure to permit the cure of a loan default, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 7, 2005, as granted the motion of the defendants Katarzyna Ramus and Artur Ramus pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the amended complaint insofar as asserted against them, granted the motion of the defendant 76th Street Owners Corp. for summary judgment dismissing the second and third causes of action insofar as asserted against it, granted that branch of the motion of the defendant Polish and Slavic Federal Credit Union which was for summary judgment dismissing the first and fourth causes of action insofar as asserted against it, and denied their cross motion for summary judgment against the defendant Polish and Slavic Federal Credit Union.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

On its motion for summary judgment, the defendant Polish and Slavic Federal Credit Union (hereinafter PSFCU) came forward with evidence sufficient to make out a prima facie case for summary judgment by establishing that the plaintiff Roma Bachurski failed to tender a payment to cure the default of the plaintiff Piotr Bachurski. In opposition, the plaintiffs failed to raise a triable issue of fact, setting forth only equivocal deposition testimony about whether they had tendered payment for the loan arrears (*see New Horizons Amusement Enters. v Zullo,* 301 AD2d 825, 827 [2003]; *cf. Wood v Converse,* 263 AD2d 860, 862 [1999]; *Urbano v Plaza Materials Corp.,* 262 AD2d 307, 308 [1999]).

Likewise, the defendant 76th Street Owners Corp. (hereinafter 76th Street), a cooperative apartment corporation, sustained its prima facie burden on its motion for summary judgment. It established that any involvement it had in the nonjudicial foreclosure sale was protected by the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 538 [1990]). The plaintiffs failed to demonstrate that 76th Street's action was anything other than "taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett,*

47 NY2d 619, 629 [1979]; *see Kleinman v Point Seal Restoration Corp.,* 267 AD2d 430, 431 [1999]; *Jones v Surrey Coop. Apts.,* 263 AD2d 33, 36 [1999]). Accordingly, 76th Street was entitled to summary judgment dismissing the second and third causes of action insofar as asserted against it.

The defendants Katarzyna Ramus and Artur Ramus also were entitled to dismissal of the complaint insofar as asserted against them. The complaint failed to allege a cognizable cause of action against the Ramuses. In any event, the Ramuses established their entitlement to judgment as a matter of law. The Ramuses established that they were bona fide purchasers for value by proving that they purchased the property for valuable consideration and that they did not purchase with " 'knowledge of facts that would lead a reasonably prudent purchaser to make inquiry' " (*Berger v Polizzotto,* 148 AD2d 651, 651-652 [1989], quoting *Morrocoy Mar. v Altengarten,* 120 AD2d 500 [1986]; *see Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708 [1997]). They bought the co-op at a public auction with no specific knowledge of why it was on sale other than the knowledge that PSFCU was foreclosing on it. Furthermore, the price paid for the co-op was not so inadequate as to "shock the conscience" (*Thornton v Citibank,* 226 AD2d 162, 163 [1996]), nor was it "fundamentally unfair" (*Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 409 [1983]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.