■ RITA MALLICK, Appellant, v NAPOLEON FARFAN et al., Respondents, et al., Defendants. [823 NYS2d 200]—

In an action pursuant to RPAPL article 15 to declare the plaintiff's interest in a parcel of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Price J.), dated April 20, 2005, which granted the separate motions of the defendants Napoleon Farfan and Eduardo Rodriguez for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motions are denied.

The appellant alleges that she is the owner of certain real property located at 104-37 44th Avenue in Corona, Queens. Her claim is premised on an alleged deed dated February 9, 2004, which purportedly transferred the property from the defendant Rene Rivera to her. The deed, she claims, was not filed by the title company, which had apparently gone out of business.

In or about June 2004 the respondents, Napoleon Farfan and Eduardo Rodriguez, commenced an action against Rivera, among others, seeking a judgment declaring that they were the owners of the property. After Rivera defaulted, the Supreme Court granted them this relief and referred the action to a referee to execute and deliver to them a deed conveying ownership interest in the property. After entry of the judgment, the appellant—claiming she was the owner of the property by virtue of her unrecorded deed—moved for leave to intervene in that action and to vacate the judgment entered in favor of Farfan and Rodriguez. Her motion was denied (*see Farfan v Rivera,* 33 AD3d 755 [2006] [decided herewith]).

Thereafter, the appellant brought this action against, among others, Farfan and Rodriguez, seeking to quiet her purported title in the property. The appellant again premised her claim on the unrecorded deed dated February 9, 2004. The Supreme

Court granted the separate motions of Farfan and Rodriguez for summary judgment dismissing the complaint insofar as asserted against them on the ground that res judicata barred relitigation of the issue of the validity of the title of any person claiming title "from, through, or under" Rivera. The Supreme Court erred. Because the appellant alleged that she obtained title from Rivera before the commencement of the action brought by Farfan and Rodriguez against Rivera, she was not in privity with Rivera for res judicata purposes, and the determination in that action does not bar her from litigating her claim (*see Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 486-487 [1979]).

Further, the respondents did not record their deed from the referee until after the appellant commenced this action. Consequently, Real Property Law § 291 has no application to this case (*see Yen-Te Hsueh Chen v Geranium Dev. Corp.,* 243 AD2d 708, 709 [1997]; *Morrocoy Mar. v Altengarten,* 120 AD2d 500 [1986]).

Thus, the respondents failed to meet their burden of establishing their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]). The respondents' failure to establish their prima facie entitlement requires denial of the motion without consideration of the opposing papers (*see Winegrad v New York Univ. Med. Ctr., supra, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Mariaca-Olmos v Mizrhy, supra*). Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.