TCJS Corp., Respondent, v Norma Koff et al., Defendants, and Robert Dosch et al., Appellants. [904 NYS2d 159]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants Robert Dosch and Christopher Mercogliano appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 7, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency dated February 13, 2004, filed against the subject property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion by the defendants Robert Dosch and Christopher Mercogliano for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency is granted and the Suffolk County Clerk is directed to cancel the notice of pendency dated February 13, 2004, filed against the subject property.

On March 22, 2004, Norma Koff and Maura Stouter (hereinafter together the sellers) reportedly delivered a deed to the subject real property to the defendants Robert Dosch and Christopher Mercogliano (hereinafter together the defendants). Also on March 22, 2004, the plaintiff, whose contract of sale had been terminated by the sellers for failure to appear at a time-of-the-essence closing scheduled for February 26, 2004, commenced this action, inter alia, for specific performance of the contract of sale, and simultaneously filed a notice of pendency against the subject property. The deed conveying the property to the defendants was recorded on April 23, 2004.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them and to cancel the notice of pendency by tendering proof in admissible form demonstrating that they were bona fide purchasers for value without actual notice of the plaintiff's alleged interest in the premises, or "knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (*Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d 739, 741 [2006] [internal quotation marks omitted]; *Berger v Polizzotto*, 148 AD2d 651, 651-652 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Kissling v Leary*, 289 AD2d 377 [2001]; *Bachurski v Polish and Slavic Fed. Credit Union*, 33 AD3d at 741; *Berger v Polizzotto*, 148 AD2d at 652).

Moreover, although New York is a "race-notice" state (*see* CPLR 6501; *Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]; *Matter of Jenkins v Stephenson*, 293 AD2d 612 [2002]), "[h]aving failed to avail [itself] of the protection of either Real Property Law §§ 291 or 294, the [plaintiff] may not successfully contend that [its] filing of a notice of pendency serves as a substitute for the recording of a conveyance or a contract" (*Finkelman v Wood*, 203 AD2d 236, 238 [1994]; *see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 160-161 [2008]). "Such notices have as their general object the preservation of existing property rights and do not affect the merits of those interests" (*Varon v Annino*, 170 AD2d 445, 446 [1991]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and to cancel the notice of pendency. Mastro, J.P., Florio, Belen and Roman, JJ., concur.