HERMAN MORRIS, as Administrator of the Estate of SAMUEL MORRIS, Deceased, Respondent, v MALCOM LOUIS ADAMS et al., Appellants. [919 NYS2d 36]—

The Supreme Court properly granted that branch of the plaintiff's cross motion which was to dismiss the defendants' second affirmative defense alleging that the plaintiff lacked authority to bring this partition action. The plaintiff established his entitlement to dismissal of this affirmative defense by submitting proof that he obtained nunc pro tunc approval from the Queens County Surrogate to bring this action on behalf of the estate of Samuel Morris (*see* RPAPL 901 [4]; SCPA 1901 [2] [i]).

However, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Pursuant to Real Property Law § 266, the title of a bona fide purchaser is protected unless he or she had previous notice of "the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor" (*see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76*

AD3d 465 [2010]; *Maiorano v Garson*, 65 AD3d 1300, 1302 [2009]; *Fleming-Jackson v Fleming*, 41 AD3d 175, 176 [2007]; *Emerson Hills Realty v Mirabella*, 220 AD2d 717 [1995]). Here, the defendants made a prima facie showing that the defendants Malcolm Louis Adams and Tricia C. Gordon Adams (hereinafter the Adams defendants) were bona fide purchasers by submitting evidentiary proof that they purchased the subject premises from Mohammed Hanif for the sum of $350,000, in good faith and without knowledge that a 1989 deed conveying title to Hanif's grantor was allegedly fraudulent (*see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC*, 76 AD3d 465 [2010]). The defendants' submissions further established that the Adams defendants had no knowledge of facts that would lead a reasonably prudent purchaser to make inquiry of possible fraud (*see TCJS Corp. v Koff*, 74 AD3d 1188, 1189 [2010]; *Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d 739, 741 [2006]; *see also* RPAPL 341). In opposition, the plaintiff failed to raise a triable issue of fact (*see TCJS Corp. v Koff*, 74 AD3d at 1189; *Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d at 741; *Kissling v Leary*, 289 AD2d 377 [2001]).

In light of our determination, the parties' remaining contentions have been rendered academic. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.