In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, fraud, and unjust enrichment, the defendant Alex Chirinkin appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 5, 2011, as granted the plaintiffs motion for summary judgment on the issue of liability against him, and the defendant Arkady Pavlov separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiffs motion for summary judgment on the issue of liability against the defendant Alex Chirinkin is denied, and the motion of the defendant Arkady Pavlov for summary judgment dismissing the complaint insofar as asserted against him is granted.
“It is well established that summary judgment should only be granted where there are no material and triable issues of fact (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). It is equally well established that issue finding, as opposed to issue determination, is the key to summary judgment (see, Krupp v Aetna Life & Cas. Co., 103 AD2d 252, 261) and that the papers should be scrutinized carefully in the light most *562 favorable to the party opposing the motion (see, Robinson v Strong Mem. Hosp., 98 AD2d 976)” (Ptasznik v Schultz, 223 AD2d 695, 696 [1996]).
Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the causes of action to recover damages for breach of contract and breach of fiduciary duty by submitting evidence of the existence of an operating agreement entered into between himself and the defendant Alex Chirinkin, each as a member of Kew Apartment Holdings, LLC (hereinafter the LLC), and proof that Chirinkin violated a provision of that agreement which required the consent of members owning two thirds of the LLC before any interest in any property of the LLC may be sold or otherwise transferred. However, in opposition to the motion, Chirinkin disputed the genuineness of the operating agreement and his signature thereon, thus raising triable issues of fact and requiring the denial of the plaintiffs motion for summary judgment on those causes of action (see James v Albank, 307 AD2d 1024 [2003]; Dyckman v Barrett, 187 AD2d 553 [1992]; Heller v Trustees of Town of E. Hampton, 166 AD2d 554 [1990]).
Similarly, with respect to the fraud and unjust enrichment causes of action, although the plaintiff met his prima facie burden establishing his ownership of an interest in the LLC, Chirinkin’s submissions in opposition raised a triable issue of fact (see Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]). With respect to the causes of action alleging violations of Debtor and Creditor Law §§ 273 and 276, the plaintiff failed to meet his prima facie burden of establishing that he is a creditor of the LLC. As such, we need not consider the sufficiency of the defendants’ opposition with respect to these causes of action.
The defendant Arkady Pavlov made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting evidence that he was a good faith purchaser for fair consideration of the interests he purchased in the properties in question, without knowledge of any fraud (see Debtor and Creditor Law §§ 272, 278; Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465 [2010]; Farm Stores v School Feeding Corp., 102 AD2d 249, 255 [1984], affd in part 64 NY2d 1065 [1985]; Chemtex, LLC v St. Anthony Enters., Inc., 490 F Supp 2d 536, 544 [2007]), and that he did not benefit unjustly at the plaintiff’s expense (see Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 592-593 [2007]). Since the plaintiff *563 failed to raise a triable issue of fact in opposition to that showing, Pavlov’s motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.