Matter of Shau Chung Hu v Lowbet Realty Corp. (2018 NY Slip Op 03529)





Matter of Shau Chung Hu v Lowbet Realty Corp.


2018 NY Slip Op 03529


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-07133
2015-12043
 (Index No. 22533/11)

[*1]In the Matter of Shau Chung Hu, etc., petitioner/ plaintiff-appellant, 
v
Lowbet Realty Corp., et al., respondents/defendants, 973 44th Street Realty, LLC, respondent/defendant-respondent.


Bressler, Amery & Ross, P.C., New York, NY (David H. Pikus and Kenneth M. Moltner of counsel), for petitioner/plaintiff-appellant.
Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Mark J. Krueger of counsel), for respondent/
defendant-respondent.



DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to Business Corporation Law article 11 and action, inter alia, for rescission of the sale of real property, the petitioner/plaintiff appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated April 14, 2015, and (2) a judgment of the same court dated August 12, 2015. The order, insofar as appealed from, granted the motion of the respondent/defendant 973 44th Street Realty, LLC, for summary judgment dismissing the amended petition/complaint insofar as asserted against it, denied the petitioner/plaintiff's motion for summary judgment on the cause of action for rescission of the sale of the subject property, and denied the petitioner/plaintiff's cross motion for summary judgment dismissing certain affirmative defenses asserted by the respondent/defendant 973 44th Street Realty, LLC. The judgment, insofar as appealed from, dismissed the amended petition/complaint insofar as asserted against the respondent/defendant 973 44th Street Realty, LLC.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent/defendant 973 44th Street Realty, LLC.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In October 2011, Shau Chung Hu (hereinafter the petitioner) filed a petition pursuant to Business Corporation Law article 11, seeking, inter alia, a declaration that he owns a 75% interest [*2]in Lowbet Realty Corp. (hereinafter Lowbet), the sole asset of which was an apartment building located at 973 44th Street in Brooklyn, and to wind up Lowbet's affairs and sell the property. The petitioner had purchased Lowbet and the property in 1979. Margaret Liu subsequently bought shares in Lowbet and became its president. The petitioner and Liu married in 1985 and then separated in 1995, after which the petitioner moved to China. Since 1995, Liu has run the day-to-day business of Lowbet, with the petitioner's knowledge and consent. In August 2006, Liu was removed as president of Lowbet and the petitioner and his son were named president and vice president, respectively. However, the petitioner did not update this information with the Department of State Division of Corporations.
Contemporaneously with the filing of the petition in October 2011, a temporary restraining order was issued prohibiting the petitioner and Liu from participating in the management of the property or removing assets of Lowbet without further direction of the Supreme Court. The petitioner did not file a notice of pendency or the temporary restraining order with the Office of the City Register at that time. On February 22, 2012, 973 44th Street Realty, LLC (hereinafter 44th Street Realty), purchased the property from Lowbet. Liu signed the deed on behalf of Lowbet. At the time of the closing, Liu was listed as the president, chairperson, or CEO of Lowbet with various state and city agencies. The petitioner was not informed about the sale until April 2012.
Subsequently, the petitioner filed an amended petition/complaint seeking, inter alia, rescission of the sale of the property predicated on fraud and pursuant to Business Corporation Law § 1114, and adding, among others, 44th Street Realty as a respondent/defendant. The petitioner alleged that 44th Street Realty knew or should have known that the petitioner had an interest in the property and that Liu was unauthorized to conduct the transaction. 44th Street Realty moved for summary judgment dismissing the amended petition/complaint insofar as asserted against it. The petitioner moved for summary judgment on the cause of action for rescission of the sale of the property and cross-moved for summary judgment dismissing certain affirmative defenses asserted by 44th Street Realty. In an order dated April 15, 2015, the Supreme Court granted 44th Street Realty's motion and denied the petitioner's motion and cross motion. A judgment dismissing the amended petition/complaint insofar as asserted against 44th Street Realty was entered upon the order. The petitioner appeals.
We agree with the Supreme Court's determination to grant 44th Street Realty's motion for summary judgment dismissing the amended petition/complaint insofar as asserted against it, and to deny the petitioner's motion for summary judgment on the cause of action for rescission of the sale of the property and cross motion for summary judgment dismissing certain of 44th Street Realty's affirmative defenses. 44th Street Realty established, prima facie, that the subject deed was only voidable, not void ab initio, since the petitioner alleged that Liu's signature and authority to convey were acquired by fraudulent means, but did not allege that Liu's signature was forged (see Faison v Lewis, 25 NY3d 220, 224-225).
44th Street Realty also established, prima facie, that Liu was cloaked with apparent authority to sign the deed on behalf of Lowbet. The petitioner had condoned Liu's unfettered control and operation of the day-to-day business of Lowbet, which gave rise to the appearance that Liu possessed authority to enter into a real estate transaction on behalf of Lowbet (see Hallock v State, 64 NY2d 224, 231; Jesmer v Retail Magic, Inc., 55 AD3d 171, 182). Under the circumstances, 44th Street Realty's reliance upon the appearance of Liu's authority was reasonable (see Merrell-Banco Agency, LLC v HSBC Bank USA, 20 AD3d 605, 608-609).
Further, 44th Street Realty made a prima facie showing that it was a bona fide purchaser by demonstrating that it had paid valuable consideration for the property, in good faith and without knowledge of any alleged fraud by Liu (see Morris v Adams, 82 AD3d 946, 947; Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465). Real Property Law §§ 266 and 291 protect the title of a bona fide purchaser for value who lacks knowledge of fraud by the grantor or affecting the grantor's title (see Matter of Raccioppi, 128 AD3d 838, 839; Bouffard v Befese, LLC, 111 AD3d 866, 870). 44th Street Realty's submissions established that it had no knowledge of facts [*3]that would lead a reasonably prudent purchaser to inquire about possible fraud (see Morris v Adams, 82 AD3d at 947).
In opposition to 44th Street Realty's motion, the petitioner failed to raise a triable issue of fact.
The petitioner's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court