Unity Elec., Co., Inc. v William Aversa 2012 Trust (2021 NY Slip Op 02188)





Unity Elec., Co., Inc. v William Aversa 2012 Trust


2021 NY Slip Op 02188


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08058
 (Index No. 714179/16)

[*1]Unity Electric, Co., Inc., appellant,
v
William Aversa 2012 Trust, et al., defendants, Kenneth Sha, et al., respondents.


Edward Weissman, New York, NY, for appellant.
Sol Kodsi, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 30, 2018. The order granted the motion of the defendants Kenneth Sha and Pamela Htay-Sha for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
By deed dated December 27, 2012, and recorded on September 11, 2013, the defendant William Aversa (hereinafter William) conveyed real property to the defendant Carol Aversa, his wife (hereinafter Carol), and the defendant Ricky S. Spike, as trustees of the defendant William Aversa 2012 Trust (hereinafter the Trust). In March 2014, the plaintiff, Unity Electric, Co., Inc. (hereinafter Unity), commenced an action against William and John O'Brien, alleging that the two were principals of Corporate Interiors Contracting, Inc., and that they wrongfully diverted to themselves and their corporation certain construction trust funds owing to Unity (hereinafter the 2014 action). The Supreme Court determined that William and O'Brien were jointly and severally liable, and on April 15, 2016, entered a judgment against them in the principal sum of $119,000.
Meanwhile, on January 29, 2016, Carol and Spike, as trustees of the Trust, entered into a contract of sale with the defendants Kenneth Sha and Pamela Htay-Sha (hereinafter together the Shas) to sell the subject property. A title report showed two lis pendens, neither of which was filed in the 2014 action. The property was conveyed to the Shas by deed dated March 29, 2016, and recorded on April 6, 2016.
In November 2016, Unity commenced this action, alleging, inter alia, a violation of Debtor and Creditor Law § 278 and seeking to set aside the conveyance of the property from William to the Trust as fraudulent and money damages arising out of the defendants' alleged fraud. Specifically, in the amended complaint, Unity alleged that, as part of a fraudulent scheme against it, William transferred the property to the Trust, for no consideration or inadequate consideration, in order to place the property beyond the reach of his creditors, and that the sale of the property to the Shas in March 2016 was "the final piece" of this fraudulent scheme. In their answer to the [*2]amended complaint, the Shas asserted, inter alia, an affirmative defense that they were bona fide purchasers for value. Thereafter, the Shas moved for summary judgment dismissing the amended complaint insofar as asserted against them, arguing that they were bona fide purchasers for value. In opposition, Unity argued that the motion was premature, as the Shas had yet to be deposed, and in any event, triable issues of fact existed. In an order entered May 30, 2018, the Supreme Court granted the Shas' motion. Unity appeals.
A party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). Only if that burden is met does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1068).
"The Debtor and Creditor Law renders certain conveyances of assets void as to creditors" (Planned Consumer Mktg. v Coats & Clark, 71 NY2d 442, 450). While the statute was amended in 2020, the former version applies here. Debtor and Creditor Law former § 278(1) provided that "[w]here a conveyance . . . is fraudulent as to a creditor, such creditor, when his [or her] claim has matured," may have the conveyance set aside "as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase." "[T]he title of a bona fide purchaser is protected unless he or she had previous notice of 'the fraudulent intent of [the] immediate grantor, or of the fraud rendering void the title of such grantor'" (Morris v Adams, 82 AD3d 946, 946, quoting Real Property Law § 266; see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465).
Here, the Shas made a prima facie showing that they were bona fide purchasers by demonstrating that they paid valuable consideration for the property, in good faith and without knowledge of any alleged fraudulent intent on the part of their predecessor in title, or any alleged fraud regarding the conveyance of the property by William in 2012 to their predecessor in title. The Shas further established, prima facie, that they had no knowledge of facts that would lead a reasonably prudent purchaser to make inquiry of possible fraud (see Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 989; Morris v Adams, 82 AD3d at 947). The Shas demonstrated that the title search conducted prior to the closing in March 2016 did not indicate that Unity had any claim or potential claim against the property, as it did not disclose any liens or lis pendens having been filed by Unity (see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465). Moreover, the Shas' affidavits, as well as the deposition testimony of William and Carol, demonstrated that during the Shas' limited contact with William at the walk through and at the closing, and with Carol at the closing, the Shas were not made aware of any claim Unity had against William individually, against the seller, or against the property. Thus, the Shas established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them (see Gitlin v Chirinkin, 98 AD3d 561, 563; Morris v Adams, 82 AD3d at 947).
In opposition to the Shas' prima facie showing, Unity failed to raise a triable issue of fact (see Gitlin v Chirinkin, 98 AD3d at 563; Morris v Adams, 82 AD3d at 947). Contrary to Unity's contention, that payments were made at the closing of sale, as the Shas' real estate attorney attested, to "two creditors of the sellers who had filed lis pendens or liens against the property, as appeared on the title search," was insufficient to impose upon the Shas a duty to make a further inquiry (see Berger v Polizzotto, 148 AD2d 651, 652).
"While determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent (see CPLR 3212[f]), [a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant [*3]evidence. A party's mere hope that further discovery will reveal the existence of a triable issue of fact is insufficient to delay determination of the motion" (Williams v D & J School Bus, Inc., 69 AD3d 617, 619 [citations and internal quotation marks omitted]). Here, Unity failed to provide an evidentiary basis for its assertion that further discovery would lead to additional relevant evidence (see CPLR 3212[f]; Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 856-857; Williams v D & J School Bus, Inc., 69 AD3d at 619).
Unity's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the Shas' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court