Matter of Baldeo v Board of Elections in the City of New York (2022 NY Slip Op 03188)

Matter of Baldeo v Board of Elections in the City of New York

2022 NY Slip Op 03188

Decided on May 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-03296
 (Index No. 708603/22)

[*1]In the Matter of Albert Baldeo, appellant,
v
Board of Elections in the City of New York, respondent, David I. Weprin, respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating David I. Weprin as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 24th Assembly District, the petitioner appeals from a final order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 29, 2022. The final order granted the motion of David I. Weprin pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate the designating petition, and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner, Albert Baldeo, commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating David I. Weprin as a candidate in a primary election to be held on June 28, 2022, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 24th Assembly District. Thereafter, Weprin moved pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate his designating petition on the basis of, among other things, failure to plead fraud with sufficient particularity (see CPLR 3016[b]). By final order entered April 29, 2022, the Supreme Court granted Weprin's motion to dismiss the petition, inter alia, to invalidate his designating petition, and dismissed the proceeding. Baldeo appeals.
"A candidate whose designating petition is being challenged has the right to be sufficiently or fairly apprised of which signatures were being challenged and the grounds for those challenges" (Matter of Berney v Bosworth, 87 AD3d 948, 949 [internal quotation marks omitted]). A petition to invalidate alleging fraud requires particular specificity at the pleading stage (see Matter of Waugh v Nowicki, 10 AD3d 437, 438, citing CPLR 3016[b]), although writings attached to the petition to invalidate become part of it, and therefore, may be used to satisfy the requirement of specificity (see Matter of Morales v Burgos, 194 AD3d 888, 890; Matter of Lynch v Duffy, 172 AD3d 1370, 1372-1373).
Here, the petition, inter alia, to invalidate Weprin's designating petition, together with the supporting exhibits, was not sufficiently particularized to give notice of the signatures that Baldeo claimed were invalid (see Matter of Maio v McNamara, 180 AD3d 965, 966). Generally, a petition to invalidate a designating petition will satisfy the specificity requirements of CPLR 3016(b) where it incorporates by reference objections made to the Board of Elections in compliance with 9 NYCRR 6204.1(a) (see Matter of Lynch v Duffy, 172 AD3d at 1372-1373; Matter of Haygood [*2]v Hardwick, 110 AD3d 931, 932; LaMarca v Quirk, 110 AD3d 808, 810). However, Baldeo did not incorporate by reference any objections made to the Board of Elections in the City of New York, failed to specifically identify, among other things, the page numbers and line numbers of the purportedly fraudulent signatures, and did not indicate the total number of signatures to which he objected (cf. 9 NYCRR 6204.1[a]).
Baldeo's remaining contentions are without merit.
Accordingly, the Supreme Court correctly granted Weprin's motion to dismiss the petition, inter alia, to invalidate his designating petition and dismissed the proceeding on the basis of Baldeo's failure to provide adequate notice of the signatures he was challenging and the grounds therefor (see CPLR 3016[b]; Matter of Murray v Suffolk County Bd. of Elections, 98 AD3d 624, 625; Matter of Waugh v Nowicki, 10 AD3d at 438).
IANNACCI, J.P., CHAMBERS, GENOVESI and DOWLING, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court