Scope v Equity NY Corp. (2023 NY Slip Op 06271)

Scope v Equity NY Corp.

2023 NY Slip Op 06271

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-03791
 (Index No. 1377/19)

[*1]Una Scope, appellant, 
v
Equity NY Corp., et al., respondents, et al., defendant.

Leila Rose-Gordon, Elmont, NY, for appellant.
Vlock & Associates, P.C. (Steven P. Giordano of counsel), respondent pro se and for respondents Equity NY Corp., and Susaseum Corporation.

DECISION & ORDER
In an action, inter alia, to set aside an allegedly fraudulent conveyance pursuant to the Debtor and Creditor Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated April 13, 2021. The order, insofar as appealed from, denied the plaintiff's motion, in effect, for summary judgment on the complaint, and granted those branches of the cross-motion of the defendants Equity NY Corp., Vlock & Associates, P.C., and Susaseum Corporation which were, in effect, pursuant to CPLR 3211(a) to dismiss the complaint, and to cancel a notice of pendency filed by the plaintiff against the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to set aside an allegedly fraudulent conveyance of certain real property made on or about June 3, 2008, and to set aside a subsequent sheriff's deed conveying the property, dated December 24, 2018.
The plaintiff moved, in effect, for summary judgment on the complaint. The defendants Equity NY Corp., Vlock & Associates, P.C., and Susaseum Corporation (hereinafter collectively the defendants) cross-moved, inter alia, in effect, pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed by the plaintiff against the subject property. The Supreme Court denied the plaintiff's motion and granted those branches of the defendants' cross-motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the complaint does not sufficiently allege a cause of action to set aside the sheriff's deed based on forgery or fraud. "[A] forged deed is void ab initio, meaning a legal nullity at its inception. As such, any encumbrance upon real property based on a forged deed is null and void" (Faison v Lewis, 25 NY3d 220, 222). A purchaser or encumbrancer "cannot claim the protected status of bona fide purchaser" or encumbrancer based on a void deed, which conveys "nothing" (Ameriquest Mtge. Co. v Gaffney, 41 AD3d 750, 751).
"[T]he title of a bona fide purchaser is protected unless he or she had previous notice of 'the fraudulent intent of [the] immediate grantor, or of the fraud rendering void the title of such grantor'" (Morris v Adams, 82 AD3d 946, 946, quoting Real Property Law § 266; see Unity Elec., [*2]Co., Inc. v William Aversa 2012 Trust, 193 AD3d 792, 794; Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465, 465).
A cause of action sounding in fraud must allege that the defendant asserted a material misrepresentation of an existing fact, made with knowledge of its falsity, with intent to induce the plaintiff's reliance thereon, as well as justifiable reliance upon the misrepresentation, and damages (see Oppedisano v D'Agostino, 196 AD3d 497, 499; Stortini v Pollis, 138 AD3d 977, 978). Fraud must be pleaded with particularity (see CPLR 3016[b]; Matter of Baldeo v Board of Elections in the City of N.Y., 205 AD3d 844, 845; Weiss v Bretton Woods Condominium II, 203 AD3d 1100, 1102).
In her complaint, as supplemented by her affidavit in support of her motion, the plaintiff does not specifically allege that the 2008 deed to the property was forged. Further, the complaint and affidavit do not plead fraud with particularity. Under these circumstances, the Supreme Court properly granted those branches of the defendants' cross-motion which were, in effect, to dismiss so much of the complaint as sought to set aside the sheriff's deed based on forgery or fraud (see Izmirligil v Steven J. Baum, P.C., 180 AD3d 767, 770; Saul v Cahan, 153 AD3d 947, 950; Stortini v Pollis, 138 AD3d 977, 978).
Further, the Supreme Court properly granted those branches of the defendants' cross-motion which were, in effect, to dismiss so much of the complaint as sought to set aside the sheriff's deed pursuant to Debtor and Creditor Law §§ 273-a and 276. To prevail on a cause of action alleging fraudulent conveyance pursuant to Debtor and Creditor Law former § 273-a, which was in effect at the relevant time, a plaintiff must establish: "'(1) that the conveyance was made without fair consideration; (2) that at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him [or her]; and (3) that a final judgment has been rendered against the transferor that remains unsatisfied'" (Amos Fin., LLC v Noya 23, LLC, 196 AD3d 450, 451, quoting Fischer v Sadov Realty Corp., 34 AD3d 632, 633).
Here, the complaint does not allege that the property was transferred in order to avoid a creditor, and does not allege that the plaintiff is a creditor of any defendant. Further, the complaint does not allege that at the time of any alleged fraudulent transfer, the transferor was a defendant in an action or that a judgment had been docketed against him, which judgment remained unsatisfied (see Debtor and Creditor Law former § 273-a). Thus, by its terms, Debtor and Creditor Law former § 273-a is inapplicable; and consequently, the plaintiff failed to state a cause of action pursuant to that statute (see Robles v Patel, 165 AD3d 858, 860; Frybergh v Weissman, 145 AD2d 531, 531-532) .
The complaint also fails to state a cause of action for relief pursuant to Debtor and Creditor Law former § 276. At the relevant time, that statute provided that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (id.). "A creditor seeking legal redress pursuant to [Debtor and Creditor Law former § 276] must prove by 'clear and convincing evidence that a defendant had the [actual] intent to hinder, delay or defraud creditors'" (A & M Global Mgt. Corp. v Northtown Urology Assoc., P.C., 115 AD3d 1283, 1288, quoting Jensen v Jensen, 256 AD2d 1162, 1163).
Here, the plaintiff does not allege that any party transferred property with intent to avoid an obligation to a creditor. Thus, Debtor and Creditor Law former § 276 is inapplicable, by its terms (see Jackson v Gross, 150 AD3d 710, 711-712; Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1040).
Since the Supreme Court properly directed dismissal of the complaint, the court properly granted that branch of the defendants' cross-motion which was to cancel the notice of pendency (see CPLR 6514[a]).
The parties' remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court