LMT CAPITAL MANAGEMENT, LLC, Appellant, v DIANE A. GERARDI et al., Respondents, et al., Defendant. [947 NYS2d 338]—

The imposition of a constructive trust, which was sought by the plaintiff here, is an equitable remedy (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Rowe v Kingston*, 94 AD3d 852 [2012]). The "Supreme Court has discretion to fashion a suitable equitable remedy" (*Town of Caroga v Herms*, 62 AD3d 1121, 1125 [2009], citing *Matter of Gerges v Koch*, 62 NY2d 84, 95-96 [1984]). "A court of equity can never be justified in making an inequitable decree" (*McCann v Chasm Power Co.*, 211 NY 301, 305 [1914]). Furthermore, "[e]xcept as provided in [CPLR] section 3215, the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017 [a]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in modifying its judgment by clarifying that the transfer of the subject property from the defendant Diane A. Gerardi to the plaintiff was subject to two existing mortgages in favor of the defendants North Fork Bank and JP Morgan Chase Bank, and that the deed was to specify as much unless the plaintiff pays the balances on both mortgages in connection with the conveyance (*see generally Groh v Halloran*, 86 AD2d 35, 38 [1982]). "Since the plaintiff[ ] sought equity in the instant action . . . the court was entitled to fashion appropriate equitable relief" (*Ellis v Oceanhill Brownsville Tenant Assn.*, 263 AD2d 496, 496 [1999]).

The remaining contention of the defendant JP Morgan Chase Bank is improperly raised for the first time on appeal, and, accordingly, is not properly before this Court (*see Washington Mut. Bank v Valencia*, 92 AD3d 774, 775 [2012]). The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.