Cencore Props., Inc. v Spitzer (2020 NY Slip Op 07347)





Cencore Props., Inc. v Spitzer


2020 NY Slip Op 07347


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-09512
 (Index No. 9912/13)

[*1]Cencore Properties, Inc., appellant, 
v
Jacob Spitzer, defendant, Schunnemunk Holdings, LLC, et al., respondents.


Joseph J. Haspel, PLLC, Goshen, NY, for appellant.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 27, 2018. The order granted the motion of the defendants Schunnemunk Holdings, LLC, Bernard Mittelman, Jacob Sofer, and David Schwartz for summary judgment dismissing the second amended complaint insofar as asserted against them and searched the record and awarded summary judgment to the defendant Turner & Gold, Ltd., dismissing the second amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property located in the Village of Woodbury in Orange County. The defendants Schunnemunk Holdings, LLC (hereinafter Schunnemunk Holdings), Bernard Mittelman, Jacob Sofer, and David Schwartz (hereinafter collectively the Schunnemunk defendants) moved for summary judgment dismissing the second amended complaint insofar as asserted against them. In an order dated June 27, 2018, the Supreme Court granted the Schunnemunk defendants' motion and searched the record and awarded summary judgment to the defendant Turner & Gold, Ltd. (hereinafter Turner & Gold), dismissing the second amended complaint insofar as asserted against it. The court determined that Schunnemunk Holdings and Turner & Gold were bona fide purchasers for value. The plaintiff appeals.
Pursuant to Real Property Law § 266, a bona fide purchaser for value is protected in its title unless it had previous notice of an alleged fraud (see Irwin v Regal 22 Corp., 175 AD3d 671, 671-672). To establish that it is a bona fide purchaser for value, a party has "the burden of proving that [it] purchased the property for valuable consideration and that [it] did not purchase with knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (Berger v Polizzotto, 148 AD2d 651, 651-652 [citation and internal quotation marks omitted]).
Here, the Schunnemunk defendants established, prima facie, that Schunnemunk Holdings was a bona fide purchaser for value because it paid valuable consideration for the subject property and did not purchase the property with knowledge of facts that would lead a reasonably [*2]prudent purchaser to make inquiry (see Morris v Adams, 82 AD3d 946, 947). Although the deed conveying the property from the plaintiff to the defendant Jacob Spitzer initially was intended as security for a loan, upon the plaintiff's default in paying the loan, the deed was, in effect, converted to a deed in lieu of foreclosure with the plaintiff's consent, as evidenced by the plaintiff's execution of New York State Department of Taxation and Finance Forms TP-584 and TP-584.1 (hereinafter the TP-584 forms). In support of their motion, the Schunnemunk defendants established that the plaintiff executed the deed conveying the property to Spitzer after previously executing a confession of judgment, and they submitted the TP-584 forms, which indicated that the deed was granted to Spitzer in lieu of foreclosure. The record also reflects that following the sale of the property to Schunnemunk Holdings for the sum of $600,000, the plaintiff received the sum of $72,546, which represented the excess proceeds from the sale after the mortgage to Spitzer was satisfied. In opposition to the Schunnemunk defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Moreover, as the Supreme Court determined, Turner & Gold acquired title from a bona fide purchaser and therefore it cannot be anything other than a bona fide purchaser with respect to the plaintiff.
Accordingly, we agree with the Supreme Court's determination granting the Schunnemunk defendants' motion for summary judgment dismissing the second amended complaint insofar as asserted against them and searching the record and awarding summary judgment to Turner & Gold dismissing the second amended complaint insofar as asserted against it.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court