MTGLQ Invs., LP v Neil (2024 NY Slip Op 05342)

MTGLQ Invs., LP v Neil

2024 NY Slip Op 05342

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-03065
 (Index No. 718247/20)

[*1]MTGLQ Investors, LP, respondent,
v
Marguerita Neil, appellant.

Michael A. Haskel, Mineola, NY (Brandon M. Zlotnick of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Troy D. Lipp of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered March 22, 2022. The order and judgment granted those branches of the plaintiff's motion which were for summary judgment declaring that the defendant has no right, title, or interest in the subject property and/or that any interest of the defendant in the subject property was subordinate to that of the plaintiff's interest therein and declared that the defendant has no right, title, or interest in the subject property and/or that any interest of the defendant in the subject property was subordinate to that of the plaintiff's interest therein.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment declaring that the defendant has no right, title, or interest in the subject property, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof declaring that the defendant has no right, title, or interest in the subject property; as so modified, the order and judgment is affirmed, without costs or disbursements.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to real property located in Queens (hereinafter the property) and for a judgment, among other things, declaring that the defendant had no right, title, or interest in the property and/or that any interest of the defendant in the property was subordinate to that of the plaintiff's interest therein. The defendant's niece allegedly agreed to purchase the property for the defendant because the defendant was unable to obtain a mortgage loan. The defendant's niece purchased the property and executed a mortgage in her own name, which was recorded in December 2007. The defendant occupied the property. The defendant's niece defaulted on the mortgage loan. The plaintiff's predecessor in interest commenced an action to foreclose the mortgage against, among others, the defendant and her niece (hereinafter the foreclosure action). During the pendency of the foreclosure action, the defendant commenced an action against her niece to impose a constructive trust on the property. In a judgment entered May 24, 2019, the Supreme Court imposed a constructive trust in favor of the defendant on the property.
The mortgage was assigned to the plaintiff. In August 2019, an order was issued in the foreclosure action granting a motion for leave to enter a default judgment against the defendant's niece and appointing a referee to compute the amount due on the mortgage loan. In November 2019, the defendant's niece conveyed the property to the plaintiff via a deed in lieu of foreclosure, which was recorded on December 18, 2019.
The plaintiff moved in this action, inter alia, for summary judgment declaring that the defendant has no right, title, or interest in the property and/or that the defendant's interest in the property was subordinate to that of the plaintiff's interest therein. In an order and judgment entered March 22, 2022, the Supreme Court granted those branches of the plaintiff's motion and declared that the defendant has no right, title, or interest in the property and/or that any interest of the defendant in the property was subordinate to that of the plaintiff's interest therein. The defendant appeals.
"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (150A 30 St. Trust, Israel Grossman Trustee v Barca Dev., LLC, 225 AD3d 646, 646 [internal quotation marks omitted]; see 702 DeKalb Residence, LLC v SSLiberty, Inc., 209 AD3d 937, 938).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment declaring that the defendant's interest in the property was subordinate to that of the plaintiff's interest therein by submitting, among other things, a copy of the mortgage assigned to the plaintiff, which was recorded in December 2007 (see generally LMT Capital Mgmt., LLC v Gerardi, 97 AD3d 546, 547; Groh v Halloran 86 AD2d 35, 38). In opposition, the defendant failed to raise a triable issue of fact.
However, contrary to the plaintiff's contention, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law declaring that the defendant has no right, title, or interest in the property. The plaintiff failed to establish that the defendant's interest in the property had been extinguished in the foreclosure action prior to the plaintiff's acceptance of the deed in lieu of foreclosure (see McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1071; Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849). Generally, "'[t]he New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded'" (71-21 Loubet, LLC v Bank of Am., N.A., 208 AD3d 736, 742, quoting Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709). "To establish that it is a bona fide purchaser for value, a party has 'the burden of proving that [it] purchased the property for valuable consideration and that [it] did not purchase with knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (Cencore Props., Inc. v Spitzer, 189 AD3d 983, 983-984, quoting Berger v Polizzoto, 148 AD2d 651, 651-652).
Here, the plaintiff did not seek to establish that, as a good-faith purchaser for value, it was protected from any unrecorded interest that the defendant held in the property and failed to establish its prima facie entitlement to judgment as a matter of law declaring that the defendant has no right, title, or interest in the property. Accordingly, the Supreme Court should have denied that branch of its motion which was for summary judgment declaring that the defendant has no right, title, or interest in the property, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
We decline the defendant's request to search the record and award summary judgment in her favor.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court