Alli v Navins Holdings, Inc. (2025 NY Slip Op 05487)

Alli v Navins Holdings, Inc.

2025 NY Slip Op 05487

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2022-05850
 (Index No. 707091/18)

[*1]Bibi Alli, respondent, 
v
Navins Holdings, Inc., et al., appellants, et al., defendant.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellants.
Dennis W. Houdek, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a declaration that the plaintiff is the owner of certain real property, the defendants Navins Holdings, Inc., Cintamani Rampersaud, and Meenakumarie Rampersaud appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered February 22, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and, in effect, for a declaration in their favor.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"Pursuant to Real Property Law § 266, a bona fide purchaser for value is protected in its title unless it had previous notice of an alleged fraud" (Cencore Props., Inc. v Spitzer, 189 AD3d 983, 983). "'[T]he title of a bona fide purchaser is protected unless he or she had previous notice of the fraudulent intent of [the] immediate grantor, or of the fraud rendering void the title of such grantor'" (Scope v Equity NY Corp., 222 AD3d 687, 688 [internal quotation marks omitted], quoting Morris v Adams, 82 AD3d 946, 946; see Real Property Law § 266). "'To establish that it is a bona fide purchaser for value, a party has the burden of proving that [it] purchased the property for valuable consideration and that [it] did not purchase with knowledge of facts that would lead a reasonably prudent purchaser to make inquiry'" (MTGLQ Invs., LP v Neil, 231 AD3d 1150, 1152 [internal quotation marks omitted], quoting Cencore Props., Inc. v Spitzer, 189 AD3d at 983-984; see Berger v Polizzotto, 148 AD2d 651, 651-652). "'The intended purchaser must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led.' Accordingly, '[i]f the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed'" (DK Gates Homes, LLC v HSBC Bank USA, N.A., 188 AD3d 815, 816 [citations and internal quotation marks omitted], quoting Emigrant Bank v Drimmer, 171 AD3d 1132, 1134).
Here, the defendants Navins Holdings, Inc., Cintamani Rampersaud, and Meenakumarie Rampersaud (hereinafter collectively the defendants) rely on the language of Real Property Law § 266 prior to its amendment in 2023 (see L 1909, ch 52, as amended by L 2023, ch 630, § 5). In so relying, the defendants failed to meet their burden to establish that Cintamani and [*2]Meenakumarie were bona fide purchasers for valuable consideration. The defendants failed to provide evidence to support the assertion in Cintamani's affidavit that Cintamani and Meenakumarie purchased the subject property for the sum of $440,000. Moreover, under the circumstances of this case, the defendants' submissions failed to establish that Cintamani and Meenakumarie did not purchase the property with knowledge of facts that would lead a reasonably prudent purchaser to make inquiry (see Rev 5, LLC v Union Temple of Brooklyn, 189 AD3d 1485, 1486; see generally Mortgage Elec. Registration Sys., Inc. v Pagan, 119 AD3d 749, 753).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and, in effect, for a declaration in their favor.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court