■ Terence J. Snyder et al., Appellants, v Voris, Martini & Moore, LLC, Respondent. [860 NYS2d 622]—

In an action, inter alia, for a judgment declaring that a certain easement does not constitute an encumbrance on the plaintiffs' property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated March 26, 2007, which, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) and was in its favor on the merits based on documentary evidence.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the subject easement constitutes an encumbrance on the plaintiff's property.

To succeed on a motion pursuant to CPLR 3211 (a) (1), the documentary evidence must conclusively establish a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Berardino v Ochlan*, 2 AD3d 556, 557 [2003]; *Teitler v Pollack & Sons*, 288 AD2d 302 [2001]). If documentary proof submitted in support of the motion disproves a material allegation of the complaint, a determination in the defendant's favor is warranted (*see Weiss v TD Waterhouse*, 45 AD3d 763 [2007]; *McGuire v Sterling Doubleday Enters., L.P.*, 19 AD3d 660, 661-662 [2005]).

Here, the documentary evidence submitted by the defendant resolved all factual issues in its favor as a matter of law (*see Kingsland v Fuller*, 157 NY 507, 511 [1899]; *Webster v Ragona*, 7 AD3d 850, 854-855 [2004]; *Morrocoy Mar. v Altengarten*, 120 AD2d 500 [1986]). The contract of sale, which the plaintiffs signed, provided the plaintiffs with actual notice of the existence of the disputed easement and clearly stated that the subject premises were sold "subject to" the "[w]ater and septic easement agreement dated December 2, 2002 and recorded in the Westchester County Clerk's office." This language was sufficient to place the plaintiffs on notice as to the existence of the easement (*see Kingsland v Fuller*, 157 NY at 511; *Webster v Ragona*, 7 AD3d at 854-855; *Morrocoy Mar. v Altengarten*, 120 AD2d at 500-501). Consequently, the Supreme Court properly granted the defendant's motion.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that the easement is an encumbrance on the plaintiffs' property (*see Lanza v Wagner*, 11 NY2d

317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.