◼ H.B. Singer, LLC, Respondent, v Thor Realty, LLC, Appellant. [869 NYS2d 203]—

Upon the closing of title and transfer of the deed to seven parcels of real property in Brooklyn, the sum of $2,000,000 was placed in escrow with a title company to cover open liens and other obligations docketed against the parcels. Following the closing, the defendant purchaser directed the title company to pay the sum of $170,000 from the escrowed funds to Good Ideas, Inc., the designee of Eli Dayan, a nonparty who had an agreement with the plaintiff seller for a one-percent consulting fee upon the closing of title for having brought the parties together. The plaintiff then commenced this action alleging breach of contract, fraud, and conversion on the ground that the defendant, in collusion with Dayan, and knowing that the plaintiff had defenses to any claims for payment that Dayan might have made, wrongfully directed the $170,000 payment to Dayan's designee from the escrowed funds. The plaintiff asserted in the complaint that the disputed sum of $170,000 should have been returned to it as part of the purchase price of the parcels. Contrary to the defendant's contention, the merger doctrine does not require dismissal of the action. The retention of the escrow funds was for the purpose of satisfying obligations still outstanding after the closing. Thus, there was a clear intent that the escrow agreement would survive the delivery of the deed (*cf. Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334 [2002]), and therefore, the plaintiff's right to the disputed funds was not extinguished by merger upon the closing of title (*cf. 527 Smith St. Brooklyn Corp. v Bayside Fuel Oil Depot Corp.*, 262 AD2d 278 [1999]).

The defendant's remaining contentions are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.