MLS Funding Corp. v Comprehensive Cardiac Servs. of N.Y., P.C. (2020 NY Slip Op 06520)





MLS Funding Corp. v Comprehensive Cardiac Servs. of N.Y., P.C.


2020 NY Slip Op 06520


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-03697
 (Index No. 2081/12)

[*1]MLS Funding Corp., respondent, 
v
Comprehensive Cardiac Services of New York, P.C., et al., appellants.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for appellants.
Jack N. Posner, Garden City, NY (Adam Meiskin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated January 25, 2018. The order denied that defendants' motion for summary judgment dismissing the complaint and on their counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.
On December 21, 2005, the plaintiff and the defendant Comprehensive Cardiac Services of New York, P.C. (hereinafter Comprehensive), entered into a lease whereby the plaintiff leased medical equipment to the defendants. The defendants Zaheed Tai, Sudhesh Srivastava, and Hul Guan guaranteed Comprehensive's obligations under the lease.
Also on December 21, 2005, the plaintiff entered into an "Assignment of Contracts" (hereinafter the assignment) with nonparty General Electric Capital Corporation (hereinafter GECC). Pursuant to the assignment, the plaintiff assigned all its right, title, and interest in its lease with the defendants, the payments due under that lease, and its security interest in the leased equipment, to GECC. The section of the assignment entitled "Background" provided that the "[plaintiff] desires to sell and assign, and [GECC] desires to purchase, the right to receive all future payments owing under certain . . . Contracts." The assignment also provided that the plaintiff, as the assignor, would execute and deliver to GECC, as the assignee, a Notice and Acknowledgement of Assignment (hereinafter the acknowledgment of assignment) to be delivered to and executed by each customer.
The acknowledgment of assignment which was executed by the defendants provided, inter alia, that "GECC is only being assigned the rights to payment under [the defendants'] agreement and is not undertaking any obligations [of the plaintiff] (if any)" and that upon the payment of all the defendants' obligations pursuant to the lease assigned, GECC would promptly reassign to the plaintiff all rights of GECC under the lease, including the transfer of title to the leased equipment and any unexercised purchase options relating to same.
The plaintiff commenced this action to recover damages for breach of contract, alleging that the defendants failed to return the leased equipment at the expiration of the lease or [*2]continue to make payments, as required by the lease. The defendants interposed an answer asserting various affirmative defenses, including lack of standing, and a counterclaim seeking a declaration that they owned the leased equipment because they exercised an option to purchase the equipment from GECC for $1.00 after full payment of the lease. The defendants moved for summary judgment dismissing the complaint and on their counterclaim. The defendants argued that the plaintiff did not have standing to commence the action because it assigned all of its right, title, and interest under the lease to GECC and that since GECC sold the equipment to the defendants, the defendants are the owners of the equipment. The Supreme Court denied the motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants established, prima facie, the plaintiff's lack of standing to maintain this action. Pursuant to the clear and unambiguous assignment between the plaintiff and nonparty GECC, the plaintiff assigned all its right, title, and interest in its lease with the defendants to GECC. Therefore, the plaintiff was no longer the real party in interest (see James McKinney & Son v Lake Placid Olympic Games, 61 NY2d 836, 838; Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 137 AD3d 986, 987). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law on their counterclaim for a declaration that they are the owners of the equipment at issue. The defendants' submissions in support of their motion failed to demonstrate as a matter of law their alleged ownership of the equipment. Since the defendants failed to satisfy their prima facie burden, we need not address the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court