298 Humboldt, LLC v Torres (2021 NY Slip Op 04899)





298 Humboldt, LLC v Torres


2021 NY Slip Op 04899


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-10828
 (Index No. 508401/18)

[*1]298 Humboldt, LLC, appellant-respondent,
v
Maria Torres, respondent-appellant.


Cermele & Wood, LLP, White Plains, NY (Michael R. Wood, Besar Thaci, and Eric Lindquist of counsel), for appellant-respondent.
Khurana Law Firm, P.C., Brooklyn, NY (Arvind Khurana of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 16, 2018. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The order, insofar as cross-appealed from, denied the defendant's separate motion for an award of costs and attorney's fees pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of the "Assignment of Rents, Leases and Landlord-Tenant Actions" agreement dated October 21, 2015, and indemnification, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In June 2015, the parties entered into a "Residential Contract of Sale" (hereinafter the Purchase Agreement), wherein the plaintiff agreed to purchase certain property owned by the defendant (hereinafter the property). In the Purchase Agreement and accompanying riders, the defendant represented that one of the property's tenants (hereinafter the tenant) was a month-to-month tenant. On October 21, 2015, the parties executed an "Assignment of Rents, Leases and Landlord-Tenant Actions" (hereinafter the Assignment), wherein the defendant again represented that the tenant was a month-to-month tenant with "no right to extend any prior lease," and agreed to hold the plaintiff harmless, against, inter alia, any loss arising out of the defendant's breach of this representation. On that same day, the parties closed on the property.
The plaintiff thereafter attempted to terminate the tenant's tenancy, and, when the tenant refused to vacate, instituted a holdover proceeding against him. In an order dated July 20, 2018, the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), determined that the tenant had validly exercised an option to extend his lease through 2018.
In or about December 2017, the plaintiff commenced the instant action to recover [*2]damages for breach of the Purchase Agreement, breach of the Assignment, indemnification, fraudulent misrepresentation, fraudulent concealment, and negligence. The defendant moved to dismiss the complaint, inter alia, pursuant to CPLR 3211(a)(7), and also separately moved for an award of costs and attorney's fees pursuant to 22 NYCRR 130-1.1. The Supreme Court granted the defendant's motion to dismiss the complaint, but denied her motion for an award of costs and attorney's fees.
Initially, the plaintiff lacked standing to assert a cause of action to recover damages for breach of the Purchase Agreement, as the plaintiff assigned its rights in and to the Purchase Agreement to a nonparty on the date of the closing. Therefore, the plaintiff was no longer the real party in interest (see James McKinney & Son v Lake Placid 1980 Olympic Games, 61 NY2d 836, 838; MLS Funding Corp. v Comprehensive Cardiac Servs. of N.Y., P.C., 188 AD3d 870, 871; Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch., 137 AD3d 986, 987). However, contrary to the defendant's contention, the plaintiff had standing to assert the remaining causes of action, as it only assigned its rights in the Purchase Agreement.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180, 1180-1181). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87; Sokol v Leader, 74 AD3d at 1181).
Here, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87), the complaint alleges causes of action to recover damages for breach of the Assignment and indemnification. The parties executed the Assignment on the same date they closed on the property, evincing an intent that the defendant's warranties and representations as set forth in the Assignment would survive the closing, inasmuch as there would be no reason for the parties to agree to a bargain that would be almost immediately extinguished and rendered meaningless (see Bibbo v 31-30, LLC, 105 AD3d 791, 792; H.B. Singer, LLC v Thor Realty, LLC, 57 AD3d 613, 614). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for breach of the Assignment and indemnification.
However, the Supreme Court properly granted those branches of the defendant's motion which were to dismiss the causes of action for fraudulent misrepresentation and fraudulent concealment, as those causes of action were duplicative of the breach of contract causes of action (see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1035, 1039; Chen v Wen Fang Wang, 177 AD3d 694, 697).
The Supreme Court also properly granted that branch of the defendant's motion which was to dismiss the negligence cause of action. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Oceanview Assoc., LLC v HLS Bldrs. Corp., 184 AD3d 843, 845 [internal quotation marks omitted]). Here, the complaint did not allege facts that would give rise to a duty that is independent of the duty imposed under the Assignment (see id. at 845; Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc., 163 AD3d 971, 973).
Moreover, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying her motion for an award of costs and attorney's fees (see 22 NYCRR 130-1.1).
The parties' remaining contentions are without merit.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court